UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| QUAGGA ACCESSORIES, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:25-CV-503-ACL |
| | ) |
| SAM'S EAST, INC., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This action is before the Court on Defendant's Motion to Dismiss (Doc. 22) and Plaintiff's Motion to Compel (Doc. 24). For the reasons discussed below, both motions will be denied.

**I.    Background**

Plaintiff Quagga Accessories, LLC filed a Petition in the Circuit Court of St. Louis County, Missouri, against Sam's East, Inc., alleging breach of contract and fraudulent inducement claims. (Doc. 6.) Plaintiff claims that Defendant contacted Plaintiff in July 2020—at the height of the Covid-19 pandemic—with a request to place an extraordinarily large order of neck gaiters. *Id.* at 2. Plaintiff alleges that Defendant agreed to purchase 665,000 neck gaiters upon shipment, at a cost of $6.98 per gaiter. *Id.* Plaintiff claims that, after some but not all of the gaiters were shipped to Defendant, Defendant contacted Plaintiff and advised it had overpurchased the product and requested Plaintiff accept the return of a portion of the order. *Id.*

1

Plaintiff alleges that Defendant breached the parties' agreement and still owes Plaintiff in excess of $330,000. *Id.* Plaintiff also asserts that Defendant fraudulently induced Plaintiff into agreeing to order the 665,000 gaiters knowing that it would not be able to sell all of the gaiters it ordered. *Id.* at 4-5.

Defendant removed the action to this Court on the basis of diversity of citizenship on April 14, 2025. (Doc. 1.)

Plaintiff filed an Amended Petition ("Complaint") on September 16, 2025. (Doc. 21.)

On September 30, 2025, Defendant filed a Motion to Dismiss, arguing Plaintiff's claims are time-barred because the agreement governing the parties' dispute provided for a two-year statute of limitations. (Doc. 22.) Defendant attached the agreement it claims controls in this action. (Doc. 22-1.)

On October 14, 2025, Plaintiff filed a Motion to Compel Rule 26(a)(1) Disclosures. (Doc. 24.) Plaintiff requests that the Court compel Defendant to provide its Rule 26(a)(1) disclosures and that sanctions be assessed against Defendant, including barring Defendant from using the "alleged agreement" as a defense. *Id.* at 2.

In its Response to Plaintiff's Motion to Compel, Defendant states that it served its Rule 26(a)(1) Disclosures on October 15, 2025. (Doc. 29.) Defendant argues that its disclosures did not contain any new information and all information in the disclosures were already in the possession of the Plaintiff.

## II. Discussion

### A. Plaintiff's Motion to Compel

Federal Rule of Civil Procedure 37(a)(3)(B) permits a party seeking discovery to file a motion for an order to compel if a party "fails to answer an interrogatory submitted under Rule

33" or "fails to produce documents...as requested under Rule 34." Rule 37 requires "a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. Proc. 37(a)(1). Additionally, Local Rule 3.04 provides:

> The Court will not consider any motion relating to discovery and disclosure unless it contains a statement that movant's counsel has conferred in person or by telephone with the opposing counsel in good faith or has made reasonable efforts to do so, but that after sincere efforts to resolve their dispute, counsel are unable to reach an accord. This statement also shall recite the date, time and manner of such conference, and the names of the individuals participating therein, or shall state with specificity the efforts made to confer with opposing counsel.

E.D. Mo. L.R. 3.04

Here, Defendant provided the disclosures at issue in Plaintiff's Motion to Compel on October 15, 2025, the day after Plaintiff filed its Motion. (Doc. 29-1.) As such, Plaintiff's Motion to Compel Defendant to provide its Rule 26(a)(1) disclosures is moot.

Plaintiff also requests that the Court impose sanctions for Defendant's late disclosures. Specifically, Plaintiff argues that Defendant should be barred from using documents provided in the late disclosure, including the agreement that is the basis of Defendant's pending Motion to Dismiss. Defendant responds that Plaintiff was not prejudiced by the late disclosure, because the information disclosed should have already been in Plaintiff's possession.

As an initial matter, the Court notes that Plaintiff did not include in its Motion to Compel the required statement that counsel had in good faith attempted to confer with counsel for Defendant in an effort to resolve the discovery dispute. Plaintiff's Motion states that Defendant's disclosures were due on August 5, 2025, and that counsel for both parties met on September 13, 2025, to "discuss some of the issues concerning this case." (Doc. 25 at 1.) The Motion states that, during this September 13, 2025 meeting, Plaintiff's counsel advised he had

not received Defendant's disclosures, and that Defendant's counsel responded that she believed the disclosure had been sent, but if it had not, she would send the disclosure. *Id.* No other efforts at communication are detailed. Instead, Plaintiff filed the Motion to Compel on October 14, 2025. The Court therefore finds that Plaintiff fails to demonstrate a good faith, reasonable, and sincere effort by its counsel to resolve the discovery dispute with opposing counsel as mandated by Local Rule 3.04. Sanctions are inappropriate on this basis alone.

Additionally, Plaintiff has not shown Defendant's late disclosures were motivated by bad faith. Defendant represents that its failure to timely provide the disclosures was "an oversight." (Doc. 31 at 2.) This is supported by the fact that Defendant provided the disclosures the day after Plaintiff filed its Motion to Compel. Further, Plaintiff cannot demonstrate prejudice or surprise by the production of an agreement to which Plaintiff was a signatory.

Thus, the Court will deny Plaintiff's request for sanctions.

**B. Defendant's Motion to Dismiss**

The purpose of a motion to dismiss is to test the legal sufficiency of the complaint. "To survive a 12(b)(6) motion to dismiss, 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *McShane Constr. Co. v. Gotham Ins. Co.*, 867 F.3d 923, 927 (8th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The reviewing court accepts the plaintiff's factual allegations as true and draws all reasonable inferences in favor of the nonmoving party. *Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017). But "[c]ourts are not bound to accept as true a legal conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level." *Id.* While a complaint does not require detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Huang v. Gateway Hotel Holdings*, 520 F. Supp.2d 1137, 1140 (E.D. Mo. 2007).

Untimeliness under a statute of limitations is an affirmative defense that a defendant bears the burden to plead and prove. *Jessie v. Potter*, 516 F.3d 709, 713 n.2 (8th Cir. 2008). A court may dismiss a claim as precluded by the statute of limitations if the complaint itself establishes that the claim is time-barred. *Richardson v. Omaha School District*, 957 F.3d 869, 873 (8th Cir. 2020).

As previously noted, Defendant argues that Plaintiff's claims are time-barred by a two-year statute of limitations the parties agreed to in the contract governing this action. Defendant states that the agreement at issue contains a "Forum Selection; Choice of Law; Statute of Limitations" clause, which provides that any disputes arising under the agreement will be governed by Arkansas law, and requires that any legal action brought by Plaintiff against Defendant must be filed within two years of a breach. Defendant notes that Plaintiff alleges Defendant breached the contract when it failed to return gaiters in ***February of 2021***. Defendant argues that, because Plaintiff filed this action in February of 2025, Plaintiff's claims are untimely.

In its Response, Plaintiff first argues[1] that the agreement upon which Defendant relies is not the agreement the parties entered into for the sale of the neck gaiters. In the alternative, Plaintiff argues that the agreement referenced by Defendant is not enforceable as it is an

---

[1] Plaintiff also argues that the agreement that is the basis of Defendant's Motion to Dismiss should be stricken, because it should have been disclosed in Defendant's Rule 26(a)(1) disclosures by August 5, 2025. The Court has already addressed this argument in connection with Plaintiff's Motion to Compel and found this sanction was inappropriate.

5

adhesive contract.  Finally, Plaintiff contends that the two-year statute of limitation does not apply to the facts of this case.

The agreement upon which Defendant relies is titled "Sam's Club General Merchandise Agreement," and lists an effective date of October 5, 2020.  (Doc. 22-1 at 1.)  Immediately after the title, the agreement states "General Supplier Information."  *Id.*  Under this heading is noted "Category: 63-ROADSHOWS."  *Id.*  The contractual provisions that follow are titled "Supplier Agreement."  *Id.* at 2.  Defendant's argument is based on the following provision:

> **13.  FORUM SELECTION; CHOICE OF LAW; STATUTE OF LIMITATIONS.**  This Agreement, any and all Orders, and any and all disputes arising under or relating to this Agreement, whether sounding in contract or tort, shall be governed by and construed in accordance with the laws of the State of Arkansas without regard to the internal law of Arkansas regarding conflicts of law.  The federal and/or state courts of Benton and Washington County, Arkansas shall have exclusive venue and jurisdiction over any actions or suits relating to this Agreement, except where Company expressly agrees otherwise in writing, and except where Company brings any action or suit against Supplier under or with respect to Section 10 (Insurance Requirements) or Section 12 (Indemnification).  The parties shall not raise, and expressly waive, any defenses based on venue, inconvenience of forum or lack of personal jurisdiction in any action or suit brought in accordance with the foregoing.  ***Any legal action brought by Supplier against Company must be filed within two (2) years after the date payment on the Order was due or it shall be deemed forever waived***.  The parties acknowledge that they have read and understand this clause and agree willingly to its terms.

*Id.* at 6 (emphasis added).

Plaintiff argues that the agreement cited above ("Roadshow Agreement") does not apply to the claims asserted in the Complaint.  Plaintiff acknowledges in the Complaint that the parties had a relationship for years whereby goods would be sold on consignment at Roadshows.  (Doc. 21 at 1.)  The Complaint describes the Roadshow Agreement as follows:

> Defendant would order goods from Plaintiff and said goods would be shipped from Plaintiff's warehouse located in St. Louis County, Missouri to various stores on consignment.  The goods would then be promoted by Defendant and payment

6

> made to Plaintiff once the goods were sold. Goods that were not sold would be returned to Plaintiff.

*Id.*

Plaintiff states that, when Defendant contacted Plaintiff about ordering the neck gaiters in July 2020 and requested the same terms as the Roadshow Agreement, Plaintiff advised Defendant it *would not* agree to those terms for such a large order. *Id.* at 2. Plaintiff states that, instead, Defendant agreed to purchase the gaiters within 30 days of shipment to Defendant. *Id.* Defendant also agreed to set Plaintiff up in its purchase order system and would issue purchase orders once the gaiters were manufactured and shipped to Plaintiff. *Id.* The parties' dispute arises from Defendant's subsequent request for Plaintiff to accept the return of gaiters already shipped to Defendant. Plaintiff states that it agreed to accept 109,000 gaiters and to be paid $4 for each of the gaiters, but Defendant did not return 23,222 of the gaiters and did not pay for the gaiters it failed to return. *Id.* at 3. Plaintiff also alleges that Defendant refused to accept 37,000 gaiters. Plaintiff claims that Defendant still owes Plaintiff $718,705.99, plus interest, additional labor costs, and warehouse fees. *Id.*

The Court finds that there is a factual dispute as to whether the Roadshow Agreement applies to the dispute at issue in Plaintiff's Complaint. The Complaint specifically states that Plaintiff did *not* agree to sell the gaiters on consignment pursuant to the Roadshow Agreement and that the parties reached a different, new agreement. It is this new agreement that Plaintiff claims was breached by Defendant. Additionally, as Plaintiff notes, Plaintiff's fraudulent inducement claim alleges that Defendant induced Plaintiff into agreeing to order 665,000 gaiters *in July 2020*. The Roadshow Agreement was not, however, effective until **October 5, 2020**.

7

(Doc. 22-1 at 1.)  Because it is not clear from the face of the Complaint that the Roadshow Agreement applies to Plaintiff's claims, Defendant's Motion to Dismiss must be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (Doc. 22) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel (Doc. 24) is **denied**.

Dated this 30th day of January, 2026.

/s/ *Abbie Crites-Leoni*
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE